[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT (NO. 111.00)
This case presents a somewhat unusual fact pattern in that it is clear that the dissolution of marriage judgment that entered was a default judgment. An affidavit of Christina Chiodo dated May 27, 1981 was presented at the dissolution hearing indicating that she had spoken with the defendant within thirty days and that he is hiding from the Stratford Police Department who had a warrant out for him for violation of probation. This was in the military affidavit provided. The judgment of the court then went based on a default before the Patricia A. Geen, and no visitation was ordered for the husband and the "no" is specifically underlined in the decision. There was further ordered $30.00 per week for child support.
It seems clear from the testimony of the father that he had serious problems of his own at that time. Among other things, he entered the Guenster House Rehabilitation Center. For a period of time after the divorce he was under the CT Page 3033 influence of alcohol, drugs or both. He has apparently put his life together at this point and has, what appears to be to this court, a solid second marriage.
It is clear that the dissolution of marriage took place May 27, 1981, but the husband was not served until January 5, 1983, with those orders. He was served at 172 Golden Hill Street which is the Geographical Area courthouse in this district. Although there is some dispute as to whether payment was demanded or not, it is clear that at that point he had actual notice of those orders. He has not complied with those orders.
The records indicate that the only payments made since service of the judgment on the father for child support were payments made on October 11, October 18, October 25, November 1. and November 8, 1991, in the sum of $30.00 each. The defendant does not have a track record of making payments.
Ballentine's Law Dictionary, 3rd Edition, Lawyers Co-op Publishing Company, defines wilful disobedience as "intentional disobedience by a free agent who knows what he is doing, although not necessarily acting with malice or evil intent." This court finds that these fact fit the willfulness necessary for a finding of contempt.
Accordingly, the court finds the defendant in contempt of that court order. It was his affirmative obligation to seek out and make the payments for the benefit of his son. See Mallory v. Mallory, 207 Conn. 48 (1988).
The court, having heard the parties, listened to their evidence, listened to the arguments of counsel and reviewed the exhibits as well as having considered all statutory and child support guidelines, orders as follows:
A. The current arrearage is found by agreement to be $14,000.00.
B. By agreement of the parties the husband (or his father) will immediately purchase a zero-coupon tax free municipal bond AAA rated in the face amount of $15,000.00. Said bond to mature in 1996. The bond will be in the name of the minor child Robert Angelo Signore and his mother Serenella Signore will be listed as the custodian. The son's Social Security No. is 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.
C. Counsel fees are ordered in the amount of $1,200.00 as they are found to be fair and reasonable and are based on our case law as payable in the court's discretion. CT Page 3034
EDWARD R. KARAZIN, JR., JUDGE